IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| Karen Anderson, | ) | |
|---|---|---|
| | ) | **ORDER DENYING MOTION TO** |
| Plaintiff, | ) | **INTERVENE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Hess Corporation, | ) | |
| | ) | Case No. 1:07-cv-065 |
| Defendant. | ) | |

Before the Court is a "Motion for Reconsideration, En Bank" and a "Motion to Intervene as Plaintiff under Rule 24(A)(2), 24(B)" filed by Jonathan Lee Riches, doing business as Bernard Madoff, on April 30, 2009. See Docket No. 32. The Court will treat the motions as a motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is denied.

I.  BACKGROUND

On October 10, 2007, the plaintiff, Karen Anderson, filed an action in federal district court, alleging that defendant Hess Corporation was negligent by failing to properly operate and maintain a tank battery, by allowing $H_2S$ gas and/or other toxic gases to be emitted from the tank battery, by failing to have and/or implement an appropriate emergency plan, and by failing to warn local residents of the release of toxic gases. See Docket No. 1. The Court ordered the parties to a settlement conference to be held on January 20, 2009. See Docket No. 27. On January 20, 2009, the parties reached a settlement agreement. See Docket No. 28. On February 2, 2009, the parties filed a Stipulation for Dismissal in which they stipulated "that the plaintiff's claims against the

defendant Hess Corporation in the above-entitled action, are dismissed with prejudice and without costs to any party." See Docket No. 29. On February 5, 2009, the Court adopted the stipulation and ordered that the case be dismissed with prejudice and without costs to any party, and judgment was entered dismissing the case with prejudice. See Docket Nos. 30 and 31.

Jonathan Lee Riches, an inmate at the Federal Medical Center in Lexington, Kentucky, moves to intervene as a plaintiff to provide newly discovered evidence against the Defendant. Riches states,

> Comes now, Jonathan Lee Riches d/b/a Bernard Madoff, I move to intervene as plaintiff with newly discovered evidence against Hess Corp with a motion for reconsideration to provide new documents, exhibits, photos, graphs and charts.

See Docket No. 32.

**II.   LEGAL DISCUSSION**

Rule 24 of the Federal Rules of Civil Procedure governs intervention by third parties. Riches seeks intervention as a matter of right pursuant to Rule 24(a). Alternatively, Riches seeks permissible intervention pursuant to Rule 24(b).

Rule 24(a) provides that an interested third party on timely application may intervene in an action as a matter of right if certain requirements are met: (1) a statute of the United States confers an unconditional right to intervene or (2) the proposed intervenor claims an interest relating to the property or transaction that is the subject of the action. Rule 24(b) provides that upon timely application anyone may be permitted to intervene in an action when (1) a statute of the United States confers a conditional right to intervene or (2) the applicant's claim or defense to the main action have a question of law or fact in common. "Whether a motion to intervene is timely is determined

by considering all the circumstances of the case." United States v. Union Elec. Co., 64 F.3d 1152, 1158-59 (8th Cir. 1995). Three factors bear consideration in determining timeliness: (1) "the reason for any delay by the proposed intervenor"; (2) "how far the litigation has progressed before the motion to intervene is filed"; and (3) "how much prejudice the delay in seeking intervention may cause to the other parties if intervention is allowed." Id. at 1159.

In this case, Riches filed a motion to intervene after the case had settled. Riches has not stated his reason for intervening in this matter, nor has he provided any evidence as to his interest in the matter. The parties to the action have fully resolved the matter and the case has been dismissed with prejudice. The purpose of a settlement agreement is to resolve once and for all the parties' legal matters. An intervention after the matter has been settled and is no longer pending will substantially interfere with the orderly processes of the Court and will have far-reaching consequences to the detriment of the settling parties. The intent of the parties to resolve legal matters would be frustrated if the Court were to allow Riches to intervene. Accordingly, the Court finds that Riches does not have a recognized interest in this case, and that intervention would unduly prejudice the parties. The Motion to Intervene (Docket No. 32) filed by Jonathan Lee Riches is **DENIED**.

**IT IS SO ORDERED.**

Dated this 5th day of May, 2009.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court